**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SHEILA REIBER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> BASIC CONTRACTING SERVICES INC, a New Mexico Corporation; LOU ALLEN, an individual, <br><br> Defendants - Appellees. | No. 13-35231 <br><br> D.C. No. 3:09-cv-05558-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 5, 2014
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

Reiber appeals the district court's dismissal of her False Claims Act

("FCA") suit under Federal Rules of Civil Procedure 9 and 12(b)(6).  Reiber

alleged that her employer, Basic Contracting Services, Inc. ("Basic"), engaged in a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pattern and practice of defrauding the government by filing false certifications in connection with its contract to provide security services at Naval Magazine Indian Island in Port Hadlock, Washington. Reiber amended her complaint twice before the district court dismissed it with prejudice and denied leave to amend.

"It is not the case that any breach of contract . . . automatically gives rise to a claim under the FCA. . . . [S]ome request for payment containing falsities made with scienter (i.e., with knowledge of the falsity and with intent to deceive) must exist." *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996). Reiber alleged that Basic did not fulfill its contractual obligations by failing to staff certain guard posts as required, improperly training guards, and not paying for guard mount time. Reiber's general allegations, including her documentation, do not establish a false claim under the FCA. At best, the allegations permit an inference that a breach of contract occurred. *See U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).

The district court did not abuse its discretion in denying leave to amend. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (alteration and internal quotation marks omitted). The Second Amended Complaint did not cure

the defects that the district court identified in the two prior complaints, and the materials that Reiber claimed she would provide in discovery would not have cured the pleading deficiencies. *See id.*

**AFFIRMED.**